36 C.C.P.A. (Patents)

### Application of STEVENS.
### Patent Appeal No. 5550.

United States Court of Customs
and Patent Appeals.

April 12, 1949.

E. J. Balluff, of Detroit, Mich. (George Rex Frye, of Detroit, Mich., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Chief Judge, and HATFIELD, JACKSON, O'CONNELL, and JOHNSON, Judges.

HATFIELD, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting the single claim in appellant's application for a patent for a design for a rotary brush. The claim was rejected on the ground of lack of invention over the prior art and on the further ground that appellant's design is hidden from view in normal use so that its appearance is immaterial.

The appealed claim reads:

"The ornamental design for a rotary brush substantially as shown and described."

The reference relied on is:

White  2,287,922  June 30, 1942.

Appellant's application discloses a rotary brush of the type used in vacuum cleaners. The brush consists of an elongated cylinder having two rows of brush tufts projecting from the cylindrical surface. each row of tufts extends in a generally spiral form from one end of the cylinder to the other, there being a gap in each row at the central portion of the cylinder. The brush tufts of one row are thicker than those of the other.

The patent to White discloses a vacuum cleaner brush comprising an elongated cylinder having two rows of brush tufts extending from end to end of the cylindrical surface. The rows are continuous and the tufts are of uniform size. The cylinder is somewhat longer in proportion to its diameter than appellant's cylinder and is provided with a pulley adjacent one end.

■ We are of opinion that appellant's design is not inventive over the disclosure in the patent to White. The exact proportioning of the cylinder, the size of the brush tufts, and the provision or omission of a driving pulley or of a gap in the row of tufts, are matters involving ordinary skill only. The over-all appearance of appellant's brush does not differ substantially from the brush disclosed in the patent to White. The presence of invention is as essential to the granting of a design patent as to the granting of a mechanical patent, and obvious changes in arrange-

ment and proportioning are no more patentable in one case than in the other. See In re Faustmann, 155 F.2d 388, 33 C.C.P. A., Patents, 1065. We are of opinion that appellant's claim was properly rejected as unpatenable over the disclosure in the patent to White.

The appealed claim was further rejected on the ground that since the article to which appellant's design is applied is hidden in normal use, its appearance is immaterial and, if any invention is involved, it is obviously utilitarian in character. Although appellant's application does not specify the use for which his brush is intended, it was stated by counsel for appellant in his remarks accompanying an amendment which appears in the record, that the brush "is particularly designed as a rotary brush for a vacuum cleaner," and it is evident from the construction of the brush that that is its intended use. In such use it would normally be concealed, although it would, of course, be visible when purchased as a replacement and, as suggested by counsel for appellant, it might be used in a glass demonstration model.

It has been held repeatedly that articles which are concealed or obscure in normal use are not proper subjects for design patents, since their appearance cannot be a matter of concern. Articles of the type referred to are: horseshoe calks, Rowe v. Blodgett & Clapp Co., 2 Cir., 112 F. 61; 1902 C.D. 583; Williams Calk Co. v. Neverslip Mfg. Co., C.C., 136 F. 210, and Williams Calk Co. v. Kemmerer et al., 3 Cir., 145 F. 928; a fastener for machinery belts, Eaton v. Lewis, C.C., 115 F. 635; a spool for a typewriter ribbon, Wagner Typewriter Co. v. F. S. Webster Co., C.C., 144 F. 405; and an automobile tire, North British Rubber Co. v. Racine Rubber Tire Co., 2 Cir., 271 F. 936. The doctrine announced in those cases was approved by this court in In re Philip A. Koehring, 37 F.2d 421, 17 C.C.P.A., Patents, 774.

It is true, as pointed out by counsel for appellant, that appellant's brush is or may be visible at some times and under some circumstances, but that is equally true of the articles referred to in the decisions hereinbefore cited. Almost every article is visible when it is made and while it is being applied to the position in which it is to be used. Those special circumstances, however, do not justify the granting of a design patent on an article such as that here under consideration which is always concealed in its normal and intended use. The ornamental appearance of such an article is a matter of such little concern that it cannot be said to possess patentability as a design. We are of opinion, therefore, that the rejection of appellant's claim was proper.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.