WoRtjey, Judge,
delivered the opinion of the court:
This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the rejection by the Primary Examiner of the claim of appellant’s application for a patent on a design for a moisture vent tube. The appealed claim is as follows:
The ornamental Design for a Moisture Vent Tube; as shown.
The references relied on are:
Vatet, 2,298,319, October 13,1942.
Mas, D-136,002, July .13, 19-13.
Scallon, 2,513,056, June 27, 1950.
Reimann, D-161,645, January 16, 1951.
Chase, 2,248,065, July 8, 1941.
Appellant’s device is a small cylindrical tube adapted to be inserted into the wall of a frame house, with one end opening to the outer air to permit the escape of moisture. The tube is provided with apertures along its wall and is closed at its inner end. The outer end of the tube is covered by a closure disc having a raised cross roughly in the form of the letter X on its central portion, surrounded by a circumferential series of spaced louvers of semi-circular form.
■ The patent to Vatet shows a cylindrical vent tube adapted to be inserted in the wall of a building with its outer end provided with a circumferential series of spaced vent openings.
*826 The Mas patent discloses a fibrous cap for a container comprising a disc having a cross depressed into its central portion, the portion of the disc sürrounding the cross-having a circumferential, series of- short rectangular projections, and each extending in a radial direction.
The Scallon patent shows a ventilating device comprising a disc-like member adapted to be inserted in an opening in the wall of a building .and provided with a series of louvers extending in straight lines across its outer face..
The patents to Éeimann and Chase were cited to show closure members having raised crosses in their central portions.
While the drawing of appellant’s application shows an assembly •comprising the vent tube and closure disc, it is conceded in appellant’s brief that only the front face of the tube, or, in other words, the closure disc, is exposed to view when the article is in use. It is well settled that patentability of a design cannot be based on elements which are concealed in the normal use of the device to which the' design is .applied. In re Stevens, 36 C. C. P. A. (Patents) 1017, 173 F. 2d 1015, 81 USPQ 362, and cases therein cited. Accordingly, only the appearance of appellant’s closure disc can properly be considered in determining the question as to the patentability of his design.
The Board of Appeals stated that “we find it only necessary to determine whether the design of the front end of the appellant’s tube departs in a patentable sense from the design of Mas.” We agree that that is the only issue which need be decided here.
The general appearance of the closure cap of Mas is strikingly similar to that of appellant’s closure disc. Each of them consists of a circular member having a central cross surrounded by a circumferential series of raised portions. While the cross is raised above the outer surface of the closure in appellant’s device and depressed below it in that of Mas, it is clear that patentability cannot be predicated on that distinction alone. Whether any particular design is embossed on or impressed in the surface to which it is applied is merely a matter of ■choice.
The raised portions surrounding the cross are rectangular in the Mas device and circular in that of appellant, but this is also an obvious modification which does not substantially affect the over-all appearance. The fact that appellant’s raised portions function as vents while those of Mas are for ornament only is immaterial so far as patentability of the design is concerned, since appearance only can be considered in that connection.
The question of patentability of a design is one which must be determined on the merits of each individual cáse. In our opinion appellant’s closure-disc and the closure cap of Mas resemble each other *827 so closely in appearance as to preclude tlie granting of a design patent to appellant on the application here involved.
The decision of the Board of Appeals is affirmed.
Jackson, Judge, retired, recalled to participate.