Joseph A. **ETTER**, Plaintiff,

v.

Robert C. **WATSON**, Commissioner of Patents, Defendant.

Civ. A. No. 4063–54.

United States District Court
District of Columbia.

Jan. 23, 1957.

A. Yates Dowell, Washington, D. C., for plaintiff.

Arthur H. Behrens, Washington, D. C., for defendant.

HOLTZOFF, District Judge.

This is an action against the Commissioner of Patents under 35 U.S.Code, § 145, formerly Section 4915 of the Revised Statutes, to secure an adjudication that the plaintiff is entitled to receive a patent on an application that has been denied by the Commissioner.

The application is for a design patent. The design is a drawing of an apparatus known as a heat exchanger, in effect a series of refrigerating coils suspended vertically from a series of circular pipes located in a horizontal position. In actual operation these coils or the apparatus known as the heat exchanger is enclosed in a solid casing. The liquid to be cooled by the refrigerating coil or coils

is placed inside the container while the refrigerating chemical circulates inside the coils. The casing is solid but contains an opening at the top in order that the operation of the apparatus may be observed by the person in charge.

The inventor has obtained a mechanical patent on his invention, being Patent to J. A. Etter, issued on September 25, 1956, No. 2,764,476. The application for the mechanical patent as well as the application involved in this action were filed simultaneously on April 3, 1952, the present application being Serial No. D–19179.

The fact that the applicant has received a mechanical patent governing the novel features of the structure does not bar him from being awarded a design patent on the same subject matter. It was stated by the Court of Customs and Patent Appeals in the case of In re Barber, 81 F.2d 231, 232, 23 C.C.P.A., Patents, 834, that

"* * * it is also well established that while, as a matter of law, one may have a mechanical patent and a design patent upon the same subject-matter, there must be a clear patentable distinction between the two; or, in other words, they must involve different inventions."

The statute governing design patents is contained in 35 U.S.Code, § 171 and reads as follows:

"Whoever invents any new, original and ornamental design for an article of manufacture may obtain a patent therefor."

It must be observed that unlike inventions in other fields, designs in order to be patentable must be ornamental. The testimony, however, is to the effect that the advantages of the invention are to be found in the fact that they permit a smooth, radial and tangential flow of the material being cooled, and a complete accessibility to various parts of the apparatus. Obviously, these are mechanical advantages and do not bear on the question as to whether the design has any features that must be deemed ornamental.

The Court is, therefore, of the opinion that the design involved in this case does not fall within the purview of the statute relating to patents for designs and consequently is not patentable.

The Patent Office rejected the application on two grounds. The first ground is that the apparatus is ordinarily used in a closed vessel and consequently it lacks the feature of patentable ornamentation necessary to support the issuance of a patent.

In the case of Application of Stevens, 173 F.2d 1015, 1016, 36 C.C.P.A., Patents, 1017, the Court of Customs and Patent Appeals stated:

"It has been held repeatedly that articles which are concealed or obscure in normal use are not proper subjects for design patents, since their appearance cannot be a matter of concern."

The Court is of the opinion that there is a reasonable basis for the ruling of the Patent Office on this point and agrees with the Commissioner.

The second ground on which the application was denied is that the design here in question is not sufficiently distinguishable from the prior art, represented by the patent to Wallis, No. 2,385,749, issued on September 25, 1945, and an Austrian patent No. 115,303, issued on December 10, 1929. Both references represent heaters consisting of vertically located coils. There are indeed certain detailed distinctions between the plaintiff's design and those shown in these two items of prior art, but as was stated in the case of Application of Stevens, supra, "The presence of invention is as essential to the granting of a design patent as to the granting of a mechanical patent, and obvious changes in arrangement and proportioning are no more patentable in one case than in the other."

The Court is of the opinion that the ruling of the Patent Office to the effect that the differences between the prior art

and the plaintiff's design are of such character as would be obvious to any person reasonably skilled in the art and are, therefore, products of mechanical skill, is well founded.

The Court finds no reason for reaching a conclusion different from that at which the Patent Office arrived. Accordingly, the complaint will be dismissed on the merits.

Counsel may submit proposed findings of fact and conclusions of law and a proposed judgment.