47 CCPA

**Application of James G. BALMER, Jr.**

**Patent Appeal No. 6490.**

United States Court of Customs and Patent Appeals.

March 30, 1960.

Worley, C. J., and William H. Kirkpatrick, J., dissented.

Irwin M. Lewis, Willard R. Sprowls, David B. Miller, New York City (William H. Gross, Detroit, Mich., of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (S. Wm. Cochran, Washington, D. C., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Associate Judges, and Judge WILLIAM H. KIRKPATRICK.[1]

SMITH, Judge.

The present appeal involves the patentability of a design for a pneumatic tire. The single claim stands rejected as covering an "obvious" adaptation of a pneumatic tire design shown in an advertisement for "Fiske" tires which appeared in the publication "Tires' Service Station" Vol. 33, page 16 (June 1952).

The ornamental design for which patent protection is here sought is that of a pneumatic tire having a narrow white zone on the sidewall, adjacent the bead of the tire, and a series of equally spaced grooves formed in the sidewall concentric with said white zone and extending from the white zone to the tread portion of the tire, to provide a series of concentric flat annular plane surfaces thereon.

The picture of the tire shown in the publication shows a tire standing on edge and partially concealed by the Fiske "yawning boy" with a candle. The tire shown has a circumferential white zone adjacent the bead of the tire, a relatively wide concentric rib immediately adjacent the outer periphery of the white zone and a series of spaced abutting steps or flutes concentric with the rib and extending over the sidewall area between the rib and the tread portion of the tire.

The examiner and the Board of Appeals have rejected the present application on the showing in this picture of a tire design which is asserted to be substantially the same as the design presented in the present application except for such changes as would have been obvious to a tire designer.

It is the position of appellant that the reference differs in material respects from the design here claimed and that these differences were such differences that they were not obvious to a tire designer.

We find the following design differences between the tire shown in the ref-

1. United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of* *Judge O'Connell*, pursuant to provisions of Section 294(d), Title 28 United States Code.

erence and the tire shown in appellant's application:

(1) The white zone in the present design is an annular white band substantially narrower than the white sidewall portion of the reference tire.

(2) The present design provides a decorative treatment of the sidewall portion of the tire by forming a series of spaced concentric circumferential grooves which divide the sidewall into a plurality of spaced concentric annular flat panels.

(3) The entire sidewall, in the present design, appears as a series of concentric annular panels which are substantially smooth and extend from the tread to the bead. The reference tire has circumferentially extending abutting steps or flutes which form projecting portions which break up the smooth sidewall surface into a series of staggered planes.

(4) The concentric grooves and concentric flat annular panels on the sidewall of the present design are of uniform widths beginning directly at the narrow white band without the intervening relatively wide rib shown in the reference tire.

The Board of Appeals held that the differences did not "create much difference in the appearance of the tire" and then, considering that the major feature of difference was in the width of the white zones on the two tires, said: "Looking at these two tires the question then would be whether design invention would be involved in narrowing the width of the white portion of the sidewall. This would not seem to be the case."

■ We think the Board of Appeals was in error in thus breaking down and segregating an individual feature of the present design and deciding the issue of design patentability solely on this feature, i. e., the narrow width of the white zone. The view we take is that the two designs must be compared and considered in their entireties.

"It is a fundamental principle of patent law that the patenability of a design application is to be tested in the light of its appearance as a whole. Bearing in mind that the law applicable to design patents is not different from that applicable to other patents, the determinative factor relative to the issue of anticipation is founded in identity or substantial similarity of appearances." In re Lurelle Guild, Etc., 204 F.2d 700, 703, 40 C.C.P.A. 996.

■ When the tire shown in the reference illustration and that shown in the drawing herein are so considered, it is our opinion that the reference showing is sufficiently different that it would not be obvious for a tire designer to change its design in the manner it has been changed by appellant. In order to achieve identity or substantial identity between the reference tire and the design here before us, it would be necessary for the tire designer not only to narrow the width of the white zone, but also it would be necessary for him to eliminate the relatively wide circumferential rib directly adjacent thereto, and to eliminate the circumferentially extending steps or flutes of the reference tire. After that he would be required to determine the proper spacing of the circumferential concentric grooves, having in mind that the narrow flat panels thus produced in the sidewall of the tire should be placed and arranged in a manner to contribute to the unitary aesthetic effect desired.

Taken as a whole, it is our opinion, therefore, that the changes made by appellant in his design are not taught by the reference and that the changes which would be required to achieve the design here claimed are changes which are not obvious changes.

The decision of the Board of Appeals is reversed.

Reversed.

WORLEY, Chief Judge, dissenting, with whom WILLIAM H. KIRKPATRICK, Judge, joins.

I have been no more successful than the Patent Office in finding the slightest patentable merit in the instant claim. If

appellant has done anything to earn a patent I am unable to detect just what it is.

On its initial consideration below the claim was rejected for lack of invention. Upon appeal, a second examiner agreed with the rejection, specifically pointing out in his Answer that

"Although the buttress portion of the applicant's tire is *ornamented by grooves, while the publication tire has corresponding ribs*, this is not felt to be sufficient to patentably distinguish the instant tire over the publication tire. *It is well settled that whether a particular design is embossed on or impressed in the surface to which it is applied is merely a matter of choice.* In re Cornwall, 705 O.G. 453; * * * [43 C.C.P.A. 824, 230 F.2d 457, 109 U.S.P.Q. 57]. *Furthermore, to the average observer, using as much discrimination as he would in purchasing a tire, there would be no substantial difference between the ribs of the Fiske tire and the grooves of the present tire.* * * *

"In addition, even in the light of the photographs applicant has submitted, *the applicant's tire is not patentably distinctive over the Fiske tire since it would not appear to transcend the skill of the routine designer in the field to merely vary the width of the white wall portion of the Fiske tire to arrive at the applicant's tire.* By comparing the two photographs of the tires and discounting the effect of the glossy black finish and the chrome wheel in the photograph of the applicant's tire, it will be seen that *the two tires are patentably indistinguishable.*" (Italics supplied.)

Upon review and additional consideration, the three members of the Board of Appeals unanimously affirmed the rejection, stating " * * * the differences in the tire of the application over the illustration are *quite insubstantial.*" (Italics supplied.)

I find no error of any kind, much less of a reversible nature, in the reasoning and conclusion below.

Patent rights are valuable rights. A patent should not be granted without a substantial contribution from one who seeks a monopoly; a contribution beneficial to the public and one superior to that expected of one of ordinary skill. There is nothing in the instant claim which would benefit the public; quite the contrary, a more likely result of granting a monopoly here will be to prevent anyone else from making changes even in the Fiske tire reference, which, so far as the record shows, now belongs to the public, without risking infringement litigation. I am aware of no precedent for granting so much for so little.