**NORCO PRODUCTS, INC.**

v.

**MECCA DEVELOPMENT, INC.**

**Civ. No. H–83–938 (PCD).**

United States District Court,
D. Connecticut.

Oct. 9, 1985.

Ernest I. Gifford, Gifford, Van Ophem, Sheridan, Sprinkle & Nabozny, Birmingham, Mich., for plaintiff.

Thomas R. Nesbitt, Jr., Brumbaugh, Graves, Donohue & Raymond, New York City, for defendant.

## RULING ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

DORSEY, District Judge.

This is a civil action brought by Norco Industries, Inc. (Norco), against Mecca Development, Inc. (Mecca), alleging in separate counts Mecca's (1) infringement of United States Design Patent No. 246,109 (Patent 109); (2) breach of a sales contract; and (3) unfair competition by virtue of false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Pending is Mecca's motion for summary judgment as to the patent's validity asserted in Count I, also put in issue by Mecca's affirmative defense and counterclaim which seek a declaration of its invalidity. Jurisdiction under 28 U.S.C. § 1338 is found. For the reasons set forth below, the motion is granted.

*Facts*

The design patent in question, issued on October 18, 1977, to Nils O. Rosaen, was assigned to Norco, of which Rosaen is president. The claim upon which Patent 109 is predicated is an ornamental design for a fluid filter, comprised of an enlarged diameter upper cap constructed of a solid material, a base cap of a solid material, and an intricate circular screen or mesh of filtering material extending from the base cap to an edge which leaves a space to the upper cap. The specifications for the patent are set forth in Exhibit A to the complaint.

The particular and separately patented article of manufacture embodying this design is a filter device used principally for specialized oil lubrication applications, including the high performance, automotive racing market. The filter device, sold separately, is mounted in a housing, such as to render visible only the enlarged diameter upper cap.

Mecca advances two principal arguments in support of its motion for partial summary judgment dismissing Norco's infringement claim and declaring Patent 109 invalid under 35 U.S.C. § 171.[1] Mecca challenges the validity of design Patent 109 claiming the filter lacks distinctive ornamental characteristics visible in its normal use. It also claims that the filter is functional, possessing only minor ornamental characteristics. As the first claim is dispositive, the second need not be addressed.

*Discussion*

The appearance of an article is protected by and crucial to the issuance of a design patent. *Gorham Co. v. White*, 81 U.S. (14 Wall) 511, 524–25, 20 L.Ed. 731 (1871). *Accord, Rains v. Niaqua, Inc.*, 406 F.2d 275, 276 (2d Cir.), *cert. denied*, 395 U.S. 909, 89 S.Ct. 1751, 23 L.Ed.2d 222 (1969). To be patentable, a design must be new, inventive and ornamental, a product of aesthetic skill and artistic conception. *Bliss v. Gotham Indust.*, 316 F.2d 848 (9th Cir.1963). A primarily functional invention is not patentable. *See, e.g., A & H Mfg. Co. v. Contempo Card Co.*, 576 F.Supp. 894, 898 (D.R.I.1983); *Barofsky v. GE*, 396 F.2d 340, 342 (9th Cir.1968), *cert. denied*, 393 U.S. 1031, 89 S.Ct. 644, 21 L.Ed.2d 575 (1969); *Heritage Quilts v. New Haven Comfort Prods.*, 466 F.Supp. 229, 231 (S.D. N.Y.1979).

A corollary enunciated in *In re Stevens*, 173 F.2d 1015, 1016 (C.C.P.A.1949), is that "articles which are concealed or obscure in normal use are not proper subjects for design patents, since their appearance cannot be a matter of concern." *See also, In re Koehring*, 37 F.2d 421, 422 (C.C.P.A. 1930) ("articles which are more or less hidden from view when in use are not the proper subject-matter for design patents"); *In re Cornwall*, 230 F.2d 457, 459 (C.C.P. A.1956) ("patentability of a design cannot

---

**1.** The patentability of designs is governed by 35 U.S.C. § 171, which provides:

Whoever invents any new, original and ornamental design for an article of manufacture may obtain a patent therefor, subject to the conditions and requirements of this title.

The provisions of this title relating to patents for inventions shall apply to patents for designs, except as otherwise provided.

be based on elements which are concealed in the normal use of the device to which the design is applied").

This principle retains its vitality. *See, e.g., In re Zahn*, 617 F.2d 261, 269 (C.C.P. A.1980); *A & H Mfg. Co.*, 576 F.Supp. at 898–99 (invalidating a design patent for a foam pouch card jewelry display device, inasmuch as the foam pouch is "more or less hidden from view" in ordinary use, rendering it "an inconcinnous subject for a design patent"); *Electronic Molding Corp. v. Mupac Corp.*, 529 F.Supp. 300, 302–03 (D.Mass.1981) (invalidating a design patent for an electronic terminal, the sole distinctive design feature was embedded in a panel board with only the non-distinctive, non-ornamental and non-new top cap and tail of the terminal visible); *Contico Int'l v. Rubbermaid Commercial Prods.*, 506 F.Supp. 1072, 1076 (E.D.Mo.), *aff'd*, 665 F.2d 820 (8th Cir.1981) (sustaining the validity of a design patent of a dolly used with a refuse container, finding that normal usage of the dolly necessarily involved the frequent attachment and detachment of refuse containers, rendering the dolly "not concealed in [its] normal use"); *Etter v. Watson*, 147 F.Supp. 511, 512 (D.D.C.1957) (dismissing complaint challenging denial of a design patent for a heat exchanger encased when operating in a solid casing, noting that, inasmuch as "the apparatus is ordinarily used in a closed vessel ... it lacks the feature of patentable ornamentation necessary to support the issuance of a patent").

██ Noting that the only part of the patented design which is visible in use is the unadorned, upper cap of the filter element,[2] Mecca invokes this line of authority. Notwithstanding the visibility rule in the authorities noted above, Norco asserts the existence of relevant, disputed factual matters, and suggests a gloss upon the visibility rule such as would shield Patent 109 from the rule.

Relying on the declaration of Nils Rosaen, plaintiff's president and original own-

er of Patent 109, Norco asserts the existence of disputed factual issues as to the normal use of the device embodying the patented design. Norco first asserts that "[t]here is no reason why a filter embodying the patented design cannot be used in a transparent housing," Memorandum of Opposition at 12, and then enumerates three reasons why such a housing would indeed make engineering sense. This claim is too insubstantial to present a triable issue. Nothing in the record indicates that a nonopaque housing has ever been contemplated, proposed or actually used with the design. The possibility of encasing a heretofore concealed design element in a transparent cover for no reason other than to avoid this rule cannot avoid the visibility rule, lest it become meaningless.

Indeed, the decisions in, *inter alia, In re Stevens*, 173 F.2d 1015 (patent denied for a rotary vacuum cleaner design because the brush normally was hidden from view inside a presumably opaque elongated cylinder); *Etter v. Watson*, 147 F.Supp. 511 (patent denied for design of a heat exchanger concealed inside a presumably opaque casing); and *A & H Mfg. Co.*, 576 F.Supp. 894 (only the ordinary, normal use of the foam pouch jewelry display rack design in question would be considered), cannot be reconciled with the principles for which Norco argues. The rule's restriction to consideration of the normal, expected use for which the configuration was designed cannot and should not be stretched to include mere possibilities as Norco proposes.

Norco next asserts, relying on the Rosaen declaration, that the normal use of a filter embodying the patented design embraces periodic cleaning, inspection, repair and replacement of the filter, as well as the display and sale of the filter during which the entire filter is visible. Contentions that such quotidian tasks, from which few items are immune, constitute "normal use" for purposes of the visibility rule, have been

2. Norco does not appear to suggest that this cap is itself sufficiently distinctive and ornamental

to render the design patentable.

repeatedly and properly rebuffed. Design patents were not intended to provide protection for designs glimpsed in isolated circumstances. "Almost every article is visible when it is made and while it is being applied to the position in which it is to be used. Those special circumstances, however, do not justify the granting of a design patent on an article ... which is always concealed in its normal and intended use." *In re Stevens*, 173 F.2d at 1016. *Electronic Molding Corp.*, 529 F.Supp. at 303, stressed the need to define "normal use" in terms of the use of an item in the ordinary function for which it was designed and rebuffed a suggestion that the court in *Contico Int'l v. Rubbermaid*, 506 F.Supp. 1072, applied a much broader definition of "normal use" to include the display or sale of the item. There is no sound reason or logic for "normal use" to include the repair, service, replacement, sale or display of the article which incorporates the claimed design. While such occasions are of course "normal" in the sense of commonplace or routine occasions of an item's use, for patent purposes "normal use" should be limited to the ordinary functioning for which it was designed, not incidents in the article's life which are not integral to its function and purpose. Items are not designed for sale, display, replacement or repair. Patents are granted to protect designs in their functional use.

Norco finally argues that the visibility rule should deny patentability solely to those designs the embodiments of which are permanently or completely concealed. This court does not view the rule so restrictively; concealment in "normal use" does not necessarily require permanent or complete concealment. Norco has not submitted nor has the court's own research disclosed authority for the proposition cited. *Cf. In re Koehring*, 37 F.2d at 422 (citing the standard as "more or less hidden from view when in use," rather than suggesting a more permanent or complete concealment). It is accordingly rejected.

For all the above reasons, the statutory presumption of the patent's validity created by 35 U.S.C. § 282 is amply overridden.

Accordingly, Mecca's motion for partial summary judgment dismissing Norco's infringement claim and declaring Patent 109 invalid is granted.

Trial on the remaining counts shall be scheduled promptly.

SO ORDERED.