**NORCO PRODUCTS, INC., Appellant,**

v.

**MECCA DEVELOPMENT, INC., Appellee.**

**Appeal No. 86–1075.**

United States Court of Appeals, Federal Circuit.

June 24, 1987.

Douglas W. Sprinkle, Gifford, Groh, Vanophem, Sheridan, Sprinkle & Dolgorukov, of Birmingham, Mich., argued for appellant. Ernest I. Gifford and Cass L. Singer, Gifford, Groh, Vanophem, Sheridan, Sprinkle & Dolgorukov, of Birmingham, Mich., were on the brief for appellant.

Thomas R. Nesbitt, Jr., Brumbaugh, Graves, Donohue & Raymond, of New York City, argued for appellee. With him on the brief was Marina T. Larson.

Before FRIEDMAN, Circuit Judge, BALDWIN, Senior Circuit Judge,* and NEWMAN, Circuit Judge.

FRIEDMAN, Circuit Judge.

This is an appeal from an order of the United States District Court for the District of Connecticut, dismissing one count of a three-count complaint, 617 F.Supp. 1079. The dismissed count was for patent infringement, and sought damages and an injunction. The appellant contends that the order is immediately appealable under 28 U.S.C. § 1292(a)(1) and (c)(1) (1982 & Supp. III, 1985), as one denying an injunction. Applying our recent decision in *Woodard v. Sage Products, Inc.*, 818 F.2d 841, 2 USPQ2d 1649 (Fed.Cir.1987), we hold that the order is not appealable and dismiss the appeal.

I

The appellant (Norco) filed suit in the district court in 1983 against Mecca Development, Inc. (Mecca), alleging in separate counts that Mecca (1) infringed United States Design Patent No. 246,109 (Count I); (2) breached a sales contract (Count II); and (3) engaged in unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (Count III). Mecca counterclaimed for (1) a declaration that the

---

* Judge Baldwin assumed senior status effective November 25, 1986.

patent is invalid and that Mecca had not infringed, and (2) damages for Norco's alleged breach of contract.

After the completion of discovery, Mecca moved for partial summary judgment on the patent claim and counterclaim. The district court granted the motion. The court held the patent invalid, dismissed Count I of the complaint, and stated that "[t]rial on the remaining counts shall be scheduled promptly." This appeal is from the dismissal of Count I.

## II

At oral argument the court raised the question whether the order dismissing Count I was a final order over which we have appellate jurisdiction. Norco stated that the district court had not entered a separate final judgment dismissing Count I, pursuant to rule 54(b) of the Federal Rules of Civil Procedure, and had not certified the question for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b) (1982). It urged, however, that we have jurisdiction over the appeal under 28 U.S.C. § 1292(a)(1) and (c)(1) (1982 & Supp. III 1985) because the order dismissing Count I effectively denied the request in the complaint for an injunction against infringement of the patent.

This court in banc recently rejected this contention in *Woodard v. Sage Products, supra.* There the district court granted summary judgment of noninfringement in favor of one of several defendants in a patent infringement suit. This court held that the "order is not a final judgment from which appeal may be taken under 28 U.S.C. §§ 1291 or 1295(a)(1) (1982)." *Id.,* 818 F.2d at 842, 2 USPQ2d at 1649. There, as in the present case, the "district court neither certified the issue under 28 U.S.C. § 1292(b) (Supp. III 1985) nor entered a separate final judgment under Fed.R.Civ.P. 54(b)," and the appellant contended "that this court has appellate jurisdiction under 28 U.S.C. § 1292(a)(1) and (c)(1) (1982 & Supp. III 1985) because the order granting summary judgment effectively denied appellant's prayer set forth in their complaint for permanent injunctive relief against the dismissed defendant." *Id.* We rejected that argument:

> [W]e conclude that, under *Carson v. American Brands, Inc.,* 450 U.S. 79 [101 S.Ct. 993, 67 L.Ed.2d 59] (1981), an interlocutory order that, in effect denies an injunction is appealable under section 1292(a)(1) only if such order causes serious, if not irreparable, consequence and can be effectually challenged only by immediate appeal. Appellants failed to satisfy those requirements.

*Id.*

*Woodard* controls this case and requires dismissal of the appeal.

"The irreparable harm and lack of effective later review must be apparent from the record." *Id.,* 818 F.2d at 854, 2 USPQ2d at 1658–59. There is nothing in the record in this case which indicates that irreparable harm (or even serious consequence) will result if immediate appeal is unavailable, or that later review (after final judgment) would be ineffective. Indeed, Norco never even sought a preliminary injunction in the district court, which "is objective evidence from which to infer that they will not suffer irreparable harm *pendente lite.*" *Id.,* 818 F.2d at 854, 2 USPQ2d at 1659.

It is immaterial that in *Woodard* the entire complaint was dismissed against one of several defendants whereas in the present case only part of the complaint was dismissed against the sole defendant. The governing principle is the same in both situations: "[A]n interlocutory order that, in effect, denies an injunction is appealable under section 1292(a)(1) only if such order causes serious, if not irreparable, consequence and can be effectually challenged only by immediate appeal." *Woodard, supra.* Under this standard, the order of the district court dismissing Count I of the complaint is not immediately appealable.

The appeal is dismissed for lack of jurisdiction.

DISMISSED.