**ENERCON INDUSTRIES CORPORATION, and Ahlbrandt Systems, Inc., Plaintiffs–Appellants,**

v.

**PILLAR CORPORATION, Pillar Technologies, Inc., and Pillar Technologies, L.P., Defendants–Appellees.**

No. 96–1132.

United States Court of Appeals, Federal Circuit.

Jan. 31, 1997.

---

Thomas O. Kloehn, Quarles & Brady, of Milwaukee, WI, argued for plaintiffs-appellants. With him on the brief were Michael A. Jaskolski and Barry E. Sammons.

Russell J. Barron, Foley & Lardner, of Milwaukee, WI, argued for defendants-appellees. With him on the brief were Jeffrey N. Costakos and Ronald E. Barry, George E. Quillin, of counsel, Washington, D.C.

Before ARCHER, Chief Judge, SMITH, Senior Circuit Judge, and MICHEL, Circuit Judge.

## DECISION

ARCHER, Chief Judge.

Enercon Industries Corp. and Ahlbrandt Systems, Inc. (collectively Enercon) appeal the "Decision and Order" (order) of the United States District Court for the Eastern District of Wisconsin dismissing their claim for infringement of U.S. Patent No. 4,446,110 (the '110 patent) against Pillar Corp., Pillar Technologies, Inc., and Pillar Technologies, L.P. (collectively Pillar), *Enercon Indus. v. Pillar Corp.*, No. 86–C–740 (E.D. Wis. June 14, 1995). Outstanding counterclaims remain pending before the district court. We dismiss for lack of jurisdiction because this appeal does not satisfy the provisions of Rule 54(b), Fed.R.Civ.P., or 28 U.S.C. § 1292 (1994).

## BACKGROUND

Enercon filed suit against Pillar on July 18, 1986, for infringement of the '110 patent relating to means for cooling the active discharge side of a brush electrode.[1] Pillar filed antitrust, unfair competition and other counterclaims. These counterclaims were stayed pending resolution of the infringement claim.

Following trial on the infringement claim, in a decision dated June 14, 1995, the district court held that the '110 patent was not infringed by Pillar and ordered Enercon's amended complaint dismissed with prejudice. The court made no mention of the outstanding counterclaims. Believing the entire action should be dismissed, the clerk of the court entered judgment dismissing the case on June 14, 1995. On January 23, 1996, costs were taxed against Enercon. Meanwhile, Enercon had instituted this appeal on December 14, 1995.

While this appeal was pending, Enercon sought review by the district court of the assessed costs. At this time, the court considered its earlier decision and the judgment dismissing the case in its entirety. The court determined that the judgment had been entered in error and vacated the judgment. The court stated, "[a]pparently under the assumption that the case was dismissed in its

---

1. Enercon amended its complaint on December 13, 1988.

entirety, on January 23, 1996, Chief Deputy Clerk ... taxed costs against Enercon. To date, the Court has entered no order dismissing this action in its entirety or ordering costs; therefore, the judgment of June 14, 1995, is vacated. As a result, the clerk's January 23, 1996, order granting costs is inappropriate at this time and must also be vacated." *Enercon Indus. v. Pillar Corp.,* No. 86–C–740 (E.D.Wis. May 6, 1996).

## DISCUSSION

■■■ This court must, as a threshold matter, ascertain whether it has jurisdiction over Enercon's December 14, 1995, appeal from the district court's order and vacated judgment.[2] Generally, appeal may only be taken from a final decision[3] disposing of an entire case. *See, e.g., Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978) ("Federal appellate jurisdiction generally depends on the existence of a decision by the District Court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" (quoting *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945))).

■■■ In limited circumstances, however, appeal may be taken from an order deciding less than the entire case. Rule 54(b) of the Federal Rules of Civil Procedure allows "a district court to sever an individual claim that has been finally resolved," *W.L. Gore & Assocs., Inc. v. International Med. Prosthetics Research Assocs., Inc.,* 975 F.2d 858, 861, 24 USPQ2d 1195, 1198 (Fed.Cir.1992), only after the district court expressly determines that there is no reason for delay and expressly directs the entry of judgment, *see Spraytex, Inc. v. DJS&T,* 96 F.3d 1377, 1379, 40 USPQ2d 1145, 1146 (Fed.Cir.1996). In addition, an appellate court has discretion to hear interlocutory orders certified by the district court as involving a controlling question of law. 28 U.S.C. § 1292(b). Enercon did not

seek to appeal under either of these procedures and, as a result, the district court did not make findings under Rule 54(b) and did not certify its order for interlocutory appeal under § 1292(b).

Enercon asserts, however, that we have jurisdiction in this case under 28 U.S.C. § 1292(a), (c). These sections provide:

(a) Except as provided in subsections (c) and (d) of this section, the courts of appeals shall have jurisdiction from:

(1) Interlocutory orders of the district court ... granting, continuing modifying, refusing or dissolving injunctions ...

\*      \*      \*      \*      \*      \*

(c) The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction—

(1) of an appeal from an interlocutory order or decree described in subsection (a) or (b) of this section in any case over which the court would have jurisdiction of an appeal under section 1295 of this title....

28 U.S.C. § 1292.

## I.

Enercon argues that the district court's dismissal of its claim for patent infringement effectively disposed of its request in the amended complaint for an injunction attendant to a finding of infringement and that the order is, therefore, a denial of a permanent injunction. Enercon cites our *in banc* decision in *Woodard v. Sage Products, Inc.,* 818 F.2d 841, 2 USPQ2d 1649 (Fed.Cir.1987), and argues that it would be irreparably injured if it were not allowed to appeal at this time.

In *Woodard* we considered a case virtually identical to the case at hand. The district court had granted summary judgment of noninfringement in favor of one of several defendants. This was not a final judgment, and the court did not certify the order for

---

**2.** In determining whether we have jurisdiction, we apply our own law and not the law of the regional circuit. *Woodard v. Sage Prods., Inc.,* 818 F.2d 841, 844, 2 USPQ2d 1649, 1651 (Fed. Cir.1987) (*in banc*).

**3.** This appeal was filed based on 28 U.S.C. § 1295(a) (1994), which confers jurisdiction to this court in an appeal from "a final decision of a district court" in a case based in whole or in part on the patent statute.

interlocutory appeal or enter a separate final judgment under Rule 54(b). On appeal, the question was raised as to whether the order could be appealed as a denial of a permanent injunction under 28 U.S.C. § 1292(a)(1), (c)(1). This court held that it could review such an interlocutory order only if the order is injunctive in nature, 818 F.2d at 850, 2 USPQ2d at 1655, and "such order causes serious, if not irreparable, consequences and can be effectually challenged only by immediate appeal," 818 F.2d at 842, 2 USPQ2d at 1649. Moreover, the court stated that the "irreparable harm and lack of effective review must be apparent from the record." 818 F.2d at 854, 2 USPQ2d at 1658–59. The court then dismissed the appeal for lack of jurisdiction, noting that Woodard had not sought a preliminary injunction and had not made a sufficient showing on the record that denial of an injunction *pendente lite* would result in irreparable harm or that the denial would be effectively unreviewable after trial. 818 F.2d at 854, 2 USPQ2d at 1659.

The holding in *Woodard,* that an interlocutory order can be appealed under § 1292(a), (c), requires that the order have the effect of denying a permanent injunction and that the order have (per *Carson v. American Brands, Inc.,* 450 U.S. 79, 84, 101 S.Ct. 993, 996–97, 67 L.Ed.2d 59 (1981)) serious, perhaps irreparable, consequences and be effectively unreviewable at a later time.

■ To show the required irreparable harm and unreviewability, Enercon primarily argues that the history of this case, as revealed in the docket sheets, indicates that there is no likelihood of entry of final judgment before the '110 patent expires on May 1, 2001. As a result, it says it will have lost all of its right to exclude under the issued patent. Enercon asserts that this loss of patent protection will severely affect its competitive and market positions and that, as a result, it will be irreparably injured by the order effectively denying its request for a permanent injunction. In support, Enercon states that its market share increased from 7% in 1980, the year before it introduced the patented device, to 45% of the U.S. market in 1985 while during that same time Pillar's share decreased from 54% to 26%.

These data relate to Enercon's market position eleven years ago. Apparently, Enercon seeks to have this court draw the negative inference that many years later its market share will decline as a result of the court's non-infringement ruling. As stated in *Woodard,* 818 F.2d at 854, 2 U.S.P.Q.2d at 1658–59, this type of factual argument (that the infringer will capture market share) is not one that this court can or will resolve in the first instance. Moreover, such dated and unpersuasive evidence cannot satisfy the requirements to establish serious, probably irreparable harm and to show an immediate need for appellate review, *see Carson,* 450 U.S. at 84, 101 S.Ct. at 996–97.

Although Enercon asked for a preliminary, as well as a permanent, injunction in its amended complaint, it apparently has not pursued a preliminary injunction. We have not been directed to anything in the record that indicates that Enercon ever filed a motion for preliminary injunction or otherwise requested the court to consider granting a preliminary injunction. As in *Woodard,* Enercon's failure to affirmatively seek preliminary injunctive relief virtually precludes a conclusion that it will be irreparably harmed by the denial of an injunction *pendente lite. Woodard,* 818 F.2d at 854.

## II.

■ Enercon seems to argue that the district court's finding of non-infringement also effectively denied preliminary injunctive relief as sought in its amended complaint. That argument also fails. As we have said, in order for "this court to have jurisdiction over an appeal from an order denying a preliminary injunction, the district court's order must have been entered in response to a request by the appealing party." *Lermer Germany GmbH v. Lermer Corp.,* 94 F.3d 1575, 1577, 39 USPQ2d 2014, 2015 (Fed.Cir. 1996). As noted above, Enercon never pursued a preliminary injunction beyond its request in its complaint, and the court's order was thus not entered in response to a specific request for a preliminary injunction.

## III.

Finally, Enercon's assertion that the patent will have expired by the time the case

reaches final judgment in the district court is based on pure speculation and conjecture. Enercon contends, based on the length of time between the filing of the suit and the decision on the infringement claim, that it could be years before the court renders a final decision in the case and that by that time the patent will have expired. This conjecture does not prove that the remaining stage of the proceeding will be delayed, nor would delay by itself establish irreparable injury and non-reviewability. *See Woodard,* 818 F.2d at 853–854 (rejecting patentee's argument that the remaining term of the patent was short, only three years, and that patent would expire if not granted an immediate right of appeal).

Enercon has pointed to no significant distinction between *Woodard* and this case. The fact that *Woodard* involved an order resolving a claim as to one of several defendants, as compared to the district court's order resolving one of several claims, is not a meaningful distinction. In both cases outstanding claims must still be adjudicated. *See Norco Prods., Inc. v. Mecca Dev., Inc.,* 821 F.2d 644, 645, 3 USPQ2d 1319, 1320 (Fed.Cir.1987) (applying *Woodard* to the dismissal of one of many claims); *cf. Spraytex,* 96 F.3d at 1381, 40 USPQ2d at 1149 (Fed. Cir.1996) (holding that in the absence of Rule 54(b) certification, no appeal may be taken from a judgment disposing of fewer than all actions consolidated by the district court). Enercon's case in the district court, therefore, is not final, which is clearly evidenced by the district court's action in vacating the erroneously entered judgment. Further, the district court's order, while injunctive in nature, has not been shown from the record to result in serious, perhaps irreparable, harm or to be effectively unreviewable following decision on the remaining issues.

We conclude that this court does not have jurisdiction to hear Enercon's appeal.

*DISMISSED*