BROOKHILL–WILK 1, LLC,
Plaintiff–Appellant,

v.

INTUITIVE SURGICAL, INC.,
Defendant–Appellee,

No. 02–1145.

United States Court of Appeals,
Federal Circuit.

DECIDED: Oct. 15, 2002.

Before SCHALL, BRYSON, and LINN,
Circuit Judges.

*ORDER*

PER CURIAM.

The court, on its own motion, determines as follows:

Brookhill–Wilk 1, LLC ("Brookhill") appeals from the November 14, 2001 Judgment of the United States District Court for the Southern District of New York that granted summary judgment "on the entire case" to Intuitive Surgical, Inc. ("Intuitive") and dismissed Brookhill's complaint. The court ruled in favor of Intuitive after concluding that Intuitive's accused product does not infringe U.S. Patent No. 5,217,003 (" '003 patent"), owned by Brookhill. *Brookhill–Wilk 1, LLC v. Intuitive Surgical, Inc.,* 178 F.Supp.2d 356 (S.D.N.Y. 2001). However, in granting summary judgment in favor of Intuitive, the district court did not address or resolve Intuitive's counterclaim that alleged invalidity of the '003 patent. Rather, in its Memorandum and Order dated November 8, *Enercon Ind. Corp. v. Pillar Corp.,* 105 F.3d 1437, 1439, 41 U.S.P.Q.2d 1630, 1631 (Fed. Cir.1997). In this case, Intuitive's invalidity counterclaim remains unresolved. At the same time, none of the exceptions to the general rule that non-final orders are not appealable, such as when there has been a certification for appeal pursuant to Rule 54(b), is present. We therefore lack jurisdiction.[1] Accordingly,

IT IS ORDERED THAT:

1. This appeal is dismissed for lack of jurisdiction, subject, however, to reinstatement under the same docket number without the payment of an additional filing fee if, within 30 days

---

1. We appreciate that the district court intended its Memorandum and Order to be a final judgment. The fact remains, however, that absent entry of a final judgment that actually does dispose of the entire case, including Intuitive's counterclaim, we are without jurisdiction.

of the date of this order, a party appeals from the entry of a final judgment on the entire case or obtains a certification for appeal pursuant to Rule 54(b).[2]

2. If the appeal is reinstated, it will be decided by the present panel, based on the briefs already filed and the oral argument heard on October 10, 2002.

**2.** We express no opinion as to whether a Rule 54(b) certification should be made, as this is a matter that is within the discretion of the trial judge. *Aleut Tribe v. United States,* 702 F.2d 1015, 1021 (Fed.Cir.1983).