**Lawrence I. WECHSLER, Plaintiff–Appellant,**

v.

**MACKE INTERNATIONAL TRADE, INC. and Anthony O'Rourke, Defendants–Appellees,**

and

**Petsmart, Inc. Defendant–Appellee.**

**No. 02–1265.**

United States Court of Appeals, Federal Circuit.

Nov. 13, 2002.

Before CLEVENGER, SCHALL, and LINN, Circuit Judges.

### ORDER

PER CURIAM.

The court, on its own motion, determines as follows:

Lawrence I. Wechsler appeals from the February 12, 2002 Judgment of the United States District Court for the Central District of California that granted summary judgment of non-infringement in favor of Macke International Trade, Inc. ("Macke"), Anthony O'Rourke, and Pets-Mart, Inc. ("Petsmart"). The court concluded that Macke's and Petsmart's accused products do not infringe U.S. Patent No. 5,636,592 ("'592 patent"), owned by Mr. Wechsler. *Wechsler v. Macke Int'l Trade, Inc.,* No. 00–00296–CAS (C.D.Cal. Feb. 12, 2002) (order granting summary judgment). However, in granting summary judgment in favor of Macke, Mr. O'Rourke, and Petsmart, the district court did not address or resolve Petsmart's

counterclaim alleging that the '592 patent is invalid. At oral argument, counsel advised that they believe Petsmart's counterclaim still is pending in the district court.

Under 28 U.S.C. § 1295(a)(1), this court has jurisdiction over an "appeal from a final decision of a district court of the United States" if that court's jurisdiction was based, in whole or in part, on 28 U.S.C. § 1338. A final decision or order is one that " 'ends the litigation on the merits and leaves nothing for the court to do but execute judgment.'" *Cunningham v. Hamilton County, Ohio,* 527 U.S. 198, 204, 119 S.Ct. 1915, 144 L.Ed.2d 184 (1999) (quoting *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945)). In the absence of a final decision disposing of an entire case, we lack jurisdiction. *See State Contracting & Eng'g Corp. v. Florida,* 258 F.3d 1329, 1334, 59 U.S.P.Q.2d 1498, 1501 (Fed.Cir.2001) (noting that there might be no appealable final judgment because "[a]t the time the plaintiffs appealed to this Court, there remained pending in the district court the counterclaims directed toward non-infringement and patent invalidity [and there appeared no certification pursuant to Fed.R.Civ.P. 54(b) ]."); *Enercon Indus. Corp. v. Pillar Corp.,* 105 F.3d 1437, 1439, 41 U.S.P.Q.2d 1630, 1631 (Fed.Cir.1997) (noting that "[g]enerally, appeal may only be taken from a final decision disposing of an entire case." (citation omitted)).

In this case, although district court docket entry no. 111 describes the grant of summary judgment as "terminating" the case, Petsmart's invalidity counterclaim apparently remains unresolved. At the same time, none of the exceptions to the general rule that non-final orders are not appealable, such as when there has been a

certification for appeal pursuant to Fed. R.Civ.P. 54(b), is present. We therefore lack jurisdiction. Accordingly,

IT IS ORDERED THAT:

1. This appeal is dismissed for lack of jurisdiction, subject, however, to reinstatement under the same docket number without the payment of an additional filing fee if, within 30 days of the date of this order, a party appeals from the entry of a final judgment on the entire case or obtains a certification for appeal pursuant to Rule 54(b).[1]

2. If the appeal is reinstated, it will be decided by the present panel, based on the briefs already filed and the oral argument heard on November 5, 2002.

---

1. We express no opinion as to whether a Rule 54(b) certification should be made, as this is a matter that is within the discretion of the trial judge. *Aleut Tribe v. United States,* 702 F.2d 1015, 1021 (Fed.Cir.1983).