**TI GROUP AUTOMOTIVE SYSTEMS (NORTH AMERICA), INC. (now known as TI Group Automotive Systems, L.L.C.), Plaintiff–Appellant,**

v.

**VDO NORTH AMERICA L.L.C., Mannesmann VDO AG, Siemens VDO Automotive Corp., and Siemens VDO Automotive AG, Defendants–Appellees.**

No. 02–1630.

United States Court of Appeals, Federal Circuit.

May 13, 2003.

## ORDER

LINN, Circuit Judge.

The court, on its own motion, determines the following:

TI Group Automotive Systems (North America), Inc. ("TI Group") appeals from the September 4, 2002 Order of the United States District Court for the District of Delaware granting VDO North America L.L.C. et al.'s ("VDO's") renewed motion for judgment as a matter of law on non-infringement and entering judgment in favor of VDO. *TI Group Automotive Sys. (N. Am.), Inc. v. VDO N. Am. LLC*, CA–00432–GMS (D.Del. Sept. 4, 2002) (*"Order"*). The court ruled in favor of VDO after concluding, in its Memorandum Opinion also dated September 4, 2002, that no reasonable jury could have found that VDO's accused assemblies infringed U.S. Patent No. 4,860,714 ("the 714 patent"), either literally or under the doctrine of equivalents. However, in granting VDO's motion for judgment as a matter of law on non-infringement, the district court did not address or resolve VDO's motion for judgment as a matter of law on invalidity. In its Memorandum Opinion, the court stated that since it "determined that VDO's ac-

cused fuel pump assemblies did not infringe the '714 patent," it "need not address [the issue of invalidity.]"

Given the absence of either a final judgment on VDO's invalidity counterclaim [1] or a certification for appeal pursuant to Fed. R.Civ.P. 54(b), we indicated telephonically to the parties prior to oral argument that these circumstances raised a question as to whether we have jurisdiction to hear this appeal. At oral argument, the parties presented differing views about the finality and legal effect of the *Order* on VDO's invalidity counterclaim, as well as the propriety of our jurisdiction.

Under 28 U.S.C. § 1295(a)(1), this court has jurisdiction over an "appeal from a final decision of a district court of the United States" if that court's jurisdiction was based, in whole or in part, on 28 U.S.C. § 1338. A final decision or order is one that "ends the litigation on the merits and leaves nothing for the court to do but execute judgment." *Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 204, 119 S.Ct. 1915, 144 L.Ed.2d 184 (1999) (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945)). In the absence of a final decision disposing of an entire case, we lack jurisdiction. *See Enercon Indus. Corp. v. Pillar Corp.*, 105 F.3d 1437, 1439, 41 USPQ2d 1630, 1631 (Fed.Cir.1997). In this case, VDO's invalidity counterclaim remains unresolved. At the same time, none of the exceptions to the general rule that non-final orders are not appealable, such as when there has been a certification for appeal pursuant to Rule 54(b), is present. We therefore lack jurisdiction.[2] Accordingly,

1. This action was originally initiated by VDO as a declaratory judgment action against TI Group, including a claim of invalidity. When a later-filed action of TI Group was subsequently consolidated with this action, the parties were realigned and VDO's declaratory judgment invalidity claim became essentially a counterclaim.

2. We appreciate that the district court intended its Order and Memorandum Opinion to be a final judgment. The fact remains, however,

IT IS ORDERED THAT:

(1) This appeal is dismissed for lack of jurisdiction, subject, however, to reinstatement under the same docket number without the payment of an additional filing fee if, within 30 days of the date of this order, a party appeals from the entry of a final judgment on the entire case or obtains a certification for appeal pursuant to Rule 54(b).[3]

(2) If the appeal is reinstated, it will be decided by the present panel, based on the briefs already filed and the oral argument heard on May 9, 2003.

that absent entry of a final judgment that actually does dispose of the entire case, including VDO's counterclaim, we are without jurisdiction.

3.  We express no opinion as to whether a Rule 54(b) certification should be made, as this is a matter that is within the discretion of the trial judge. *Aleut Tribe v. United States,* 702 F.2d 1015, 1021 (Fed.Cir.1983).