**Stephen K. TERLEP, Plaintiff–Appellant,**

v.

**The BRINKMANN CORP., Wal–Mart Stores, Inc., and Home Depot U.S.A., Inc., Defendants–Appellees.**

No. 04–1337.

United States Court of Appeals, Federal Circuit.

March 2, 2005.

Before BRYSON, GAJARSA, and LINN, Circuit Judges.

*ORDER*

BRYSON, Circuit Judge.

Stephen K. Terlep appeals from the March 29, 2003, judgment of the United States District Court for the Western District of Arkansas that granted summary judgment "on the entire case" to defendants The Brinkmann Corp., Wal–Mart Stores, Inc., and Home Depot U.S.A., Inc., and dismissed Mr. Terlep's claims against the defendants with prejudice. The court ruled in favor of the defendants, concluding that Brinkmann's accused products do not infringe U.S. Patent No. 5,594,433 ("the '433 patent"), owned by Mr. Terlep. *Terlep v. Brinkmann Corp.*, No. 02–CV–5127 (W.D.Ark. Mar. 29, 2003). However, in granting summary judgment of noninfringement in favor of the defendants, the district court did not address or resolve the defendants' counterclaims that alleged invalidity of the '433 patent.

Given the absence of either a final judgment on the defendants' counterclaims or a

certification for appeal pursuant to Fed. R.Civ.P. 54(b), we advised the parties at oral argument that these circumstances raised a question as to whether we have jurisdiction to hear this appeal. The parties subsequently informed us that they have agreed to file a stipulation with the district court dismissing the counterclaims without prejudice. They requested that we dismiss the present appeal subject to reinstatement under the same docket number without payment of an additional fee if the appellant appeals from the final judgment within 30 days of the dismissal. If the appeal is reinstated, the parties request that the appeal be decided based on the briefs already filed and the oral argument heard on February 11, 2005.

Under 28 U.S.C. § 1295(a)(1), this court has jurisdiction over an "appeal from a final decision of a district court of the United States" if that court's jurisdiction was based, in whole or in part, on 28 U.S.C. § 1338. A final decision or order is one that "ends the litigation on the merits and leaves nothing for the court to do but execute judgment." *Cunningham v. Hamilton County, Ohio,* 527 U.S. 198, 204, 119 S.Ct. 1915, 144 L.Ed.2d 184 (1999). In the absence of a final decision disposing of an entire case, we lack jurisdiction. *See Enercon Indus. Corp. v. Pillar Corp.,* 105 F.3d 1437, 1439 (Fed.Cir.1997). In this case, the defendants' invalidity counterclaims remain unresolved. At the same time, none of the exceptions to the general rule that non-final orders are not appealable, such as when there has been a certification for appeal pursuant to Rule 54(b), is present. We therefore lack jurisdiction. Accordingly,

IT IS ORDERED THAT:
1. This appeal is dismissed for lack of jurisdiction, subject, however, to reinstatement under the same docket number without the payment of an additional filing fee if, within 30 days of the date of this order, a party appeals from the entry of a final judgment on the entire case or obtains a certification for appeal pursuant to Rule 54(b).
2. If the appeal is reinstated, it will be decided by the present panel, based on the briefs already filed and the oral argument heard on February 11, 2005.